**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4135**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JACK JENKINS, JR.,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:13-cr-00905-TMC-2)

─────────────

Submitted:  October 15, 2015     Decided:  October 19, 2015

─────────────

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  Carrie Fisher Sherard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Jenkins, Jr., was convicted by a jury of armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), (d), 2 (2012) (Count 1), conspiracy to use and carry a firearm during, and in relation to, and to possess firearms in furtherance of, a crime of violence, specifically the armed robbery in Count 1, in violation of 18 U.S.C. § 924(o) (2012) (Count 2), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, and brandishing a firearm in the commission of the offense, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2  (2012) (Count 3).  The district court sentenced Jenkins to 171 months in prison, consisting of concurrent 87-month prison terms on Counts 1 and 2, and a consecutive 84 months on Count 3.  Jenkins timely appealed.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the evidence was sufficient to support Jenkins' convictions. Although advised of his right to do so, Jenkins has not filed a pro se supplemental brief.  The Government declined to file a brief.

We review "challenges to the sufficiency of evidence de novo."  United States v. Graham, 796 F.3d 332, 373 (4th Cir.

2

2015).  If, viewing the evidence in the light most favorable to the Government, we conclude there is substantial evidence to uphold the jury's decision, we will affirm the verdict.  Burks v. United States, 437 U.S. 1, 17 (1978); United States v. Hager, 721 F.3d 167, 179 (4th Cir. 2013).  "Substantial evidence is such evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Hager, 721 F.3d at 179 (internal quotation marks omitted).  In reviewing the sufficiency of the evidence, we "allow the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and do not weigh the credibility of the evidence or resolve conflicts in the evidence, United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  Reversal of a conviction for insufficient evidence is limited to "cases where the prosecution's failure is clear." United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007) (internal quotation marks omitted).

To prove armed bank robbery, as charged in Count 1, the Government must establish that "(1) the defendant took . . . money belonging to a bank . . . ; (2) by using force and violence, or intimidation; (3) the [bank's] deposits . . . were federally insured; and (4) in committing . . . the offense, the

3

defendant assaulted any person, or put in jeopardy the life of any person by the use of a dangerous weapon or device." United States v. Davis, 437 F.3d 989, 993 (10th Cir. 2006). To prove a violation of 18 U.S.C. § 924(o), as charged in Count 2, the Government must show: "(1) a conspiracy existed to commit the substantive offense;[*] (2) [the defendant] knew of the conspiracy; and (3) [the defendant], with knowledge, voluntarily joined it." United States v. Isnadin, 742 F.3d 1278, 1307 (11th Cir.), cert. denied, 135 S. Ct. 161 (2014), and cert. denied, 135 S. Ct. 233 (2014). Finally, to sustain a conviction under 18 U.S.C. § 924(c)(1) for using, carrying, possessing, and brandishing a firearm, as charged in Count 3, the Government must prove: (1) the defendant possessed and brandished a firearm; and (2) he did so during and in relation to a crime of violence. United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir.), cert. denied, 113 S. Ct. 2689 (2014); see 18 U.S.C. § 924(c)(4) (defining "brandish" as "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person"). Jenkins also was charged in Counts 1 and 3 with

---

[*] The substantive offense in this case was using, carrying, and possessing a firearm to commit the armed bank robbery charged in Count 1.

4

aiding and abetting, and therefore is liable as a principal if the evidence shows beyond a reasonable doubt that he aided and abetted those crimes. See 18 U.S.C. § 2 ("Whoever . . . aids [and] abets [a crime against the United States] . . . is punishable as a principal.").

Witnesses testified at trial that two masked men with firearms entered the TD Bank, which is federally insured, and demanded money. Video surveillance corroborated eyewitness accounts and showed one of the robbers displaying a firearm. One of the robbers told the other to shoot one of the tellers. The robbers left the bank with over $16,000 and drove off in a silver Pontiac. However, shortly after leaving the bank, a dye pack deployed inside the car, and they threw most of the money out of the car as they fled. The robbers used a Dodge Charger with Florida plates as a "switch car." Jenkins rented a Dodge Charger with Florida plates during the relevant timeframe and paid for it with a CVS money order that had been purchased by Joshua Watson using money stained with red dye and that tested positive for bank dye. A spot of red bank dye was found on Jenkins' sock. Watson testified in court and gave a detailed explanation of how he, James McGowan, and Jenkins planned and executed the armed bank robbery. We conclude that this evidence is sufficient to establish the elements of each of the counts of conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jenkins, in writing, of his right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED